# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>          v.<br><br>SUSSIE AYALA,<br>    Defendant. | CV 19-4135 DSF<br>CR 13-574 DSF<br><br>Order DENYING Motion to Vacate, Set Aside, or Correct Sentence and DENYING Certificate of Appealability |

   Defendant Sussie Ayala has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

   Defendant's motion is procedurally barred. A defendant moving pursuant to § 2255 "procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "Generally, to demonstrate cause for procedural default, [the defendant] must show that some objective factor external to the defense impeded his adherence to the procedural rule." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003) (citations omitted).

Of Defendant's several claims, only one was raised on appeal. Defendant makes no attempt to show cause to excuse the procedural default. As for the single claim that was raised on appeal – the claim related to the failure to excuse a juror – the Court of Appeals rejected Defendant's argument and no new law has been cited to justify revisiting that conclusion. See United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) (claims that were previously decided on direct appeal, except when the claim is supported by new law, cannot be raise in a § 2255 motion).

Even if Defendant's claims were not defaulted, she would not succeed on the substantive merits. Defendant provides no reason to believe that any false confessions were used at her trial. Defendant's complaints about leading questions from the prosecution were addressed by the trial judge, with most, if not all, of the defense's objections being sustained. Defendant was not entitled to witness statements far in advance of trial, and Defendant fails to provide any reason to believe that the trial judge erred in denying a requested defense continuance to allow review of a very limited number of new witness statements. There was no superseding indictment during trial. For the benefit of the jury, the prosecution produced a redacted indictment that removed charges that had been dropped and allegations that pertained to defendants who had pleaded guilty prior to trial. And, as stated above, the Court of Appeals has already found that the trial judge did not err in declining to excuse the potentially problematic juror.

The motion is DENIED. The Court declines to issue a certificate of appealability because Defendant has not shown that "jurists of reason would find it debatable whether": (1) "the

[motion] states a valid claim of the denial of a constitutional right"; or (2) "the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    IT IS SO ORDERED.

Date: June 26, 2019

                                        Dale S. Fischer
                                        United States District Judge